# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 18-486V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| VIVIEN LEE, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: February 6, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Amy A. Senerth*, Muller Brazil, LLP, Drescher, PA, for Petitioner.

*Camille M. Collett*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On April 3, 2018, Vivien Lee filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received in her left shoulder on January 12, 2017. Petition (ECF No. 1) at 1. The matter was originally assigned to the "special processing unit," based on the assumption it might settle, but transferred out after the parties were unable to resolve the matter. Thereafter, I directed the parties to file briefs in support of their respective positions, and on June 16, 2023, I issued a decision denying entitlement. *See* Decision, dated June 16, 2023 (ECF No. 40).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated January 8, 2024 (ECF No. 44) ("Final Fees Mot."). This is Petitioner's sole fees and costs request. Petitioner requests a total of **$21,949.74** in attorney's fees and costs ($14,751.80 in fees, plus $7,197.94 in costs) for the work of the attorneys and paralegals at the Muller Brazil law firm. Final Fees Mot. at 1–2. Respondent reacted to the fees request on January 23, 2024. *See* Response, dated January 23, 2024 (ECF No. 45) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of $21,949.74.

## ANALYSIS

**I.  Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g., Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find there was sufficient objective basis to entitle her to a fees and costs award. Petitioner's injury did have some features of a SIRVA, even though she could not satisfy Table elements or form a viable non-Table claim. Accordingly (and because I find no other reason to deny fees despite the claim's disposition), a final award of fees and costs in this matter is appropriate.

**II.     Calculation of Fees**

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

3

Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|  | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|---|
| **Amy Senerth (Attorney)** | $225.00 | $233.00 | $250.00 | $275.00 | $300.00 | $325.00 | $375.00 |
| **Shealene Mancuso (Attorney)** | $225.00 | -- | -- | -- | -- | -- | -- |
| **Paul Brazil (Attorney)** | -- | -- | -- | -- | -- | -- | $425.00 |
| **Various Paralegals** | $125.00 | $125.00 | $125.00 | -- | -- | -- | -- |
| **Erik Pavlacsek (Paralegals)** | -- | -- | -- | -- | -- | $125.00 | $140.00 |
| **Tereza Pavlacsek (Paralegal)** | -- | -- | $140.00 | $150.00 | $160.00 | $160.00 | $177.00 |
| **Katy Yoos (Paralegal)** | $165.00 | -- | -- | -- | -- | -- | $165.00 |

Mot. at 1–2.

Ms. Senerth and her colleagues practice in Dresher, Pennsylvania—a jurisdiction that has been deemed "in forum," and thus entitling her to rates commensurate with what was established in *McCulloch*. *See Le v. Sec'y of Health & Hum. Servs.*, No. 16-1078V, 2023 WL 2054467 (Fed. Cl. Spec. Mstr. Feb. 17, 2023). The rates requested are also consistent with the Office of Special Masters' fee schedule and other recent decisions.[5] *See Jordon v. Sec'y of Health & Hum. Servs.*, No. 19-1586V, 2023 WL 9503418 (Fed. Cl. Spec. Mstr. Dec. 20, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited February 6, 2024).

### III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $7,197.94 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and the work of one expert, Dr. Naveed Natanzi. Mot at 12–16. Dr. Natanzi prepared one report in this case, and submitted an invoice for $4,650 (14 hours of work billed at $475 per hour, minus a $2,000 retainer). Mot. at 16. The total amount charged was reasonable for the work performed, and I do not find any reason to make reductions. The same is true for the other litigation-related costs.

Thus, all requested litigation-related costs in this matter shall be awarded in full without reduction.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, and award a total of $21,949.74, reflecting $14,751.80 in attorney's fees and $7,197.94 in costs, in the form of a check made jointly payable to Petitioner and her counsel, Ms. Amy A. Senerth.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision. [6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.